## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

KIDS HOPE UNITED,                    )
                                     )
            Plaintiff,               )
                                     )
      v.                             )    No. 09 C 1491
                                     )
ROBERTA MONTGOMERY, *et al.*,        )
                                     )
            Defendants.              )


## MEMORANDUM OPINION

Before the court is the defendants' motion to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  For the reasons explained below we grant defendants' motion.[1]

## BACKGROUND

Kids Hope United ("Kids Hope"), an Illinois not-for-profit corporation, operates a foster-grandparent program under the auspices of the Domestic Volunteer Services Act of 1973 (the ("DVSA")), 42 U.S.C. § 4950 *et seq*. (Compl. ¶¶ 1, 18.)  Defendant Roberta Montgomery enrolled in the program and received a stipend

---

[1]  Kids Hope does not oppose the defendants' motion to dismiss the Illinois Workers Compensation Commission ("IWCC") on grounds of Eleventh Amendment immunity. (Resp. at 8 n.1.) Defendants acknowledge, however, that Amy Masters — sued in her official capacity as the IWCC's director — is a proper defendant. (Mem. at 11 n.1.)  Although the case law is not entirely clear, see, e.g., Carter v. Doyle, 95 F.Supp.2d 851, 855 n.8 (N.D. Ill. 2000), we believe that it is appropriate to address defendants' abstention argument — the only disputed basis for dismissal — under Rule 12(b)(6).  See Ohio Civil Rights Comm'n v. Dayton Christian School, Inc., 477 U.S. 619, 625 (1986) (Younger abstention "does not arise from lack of jurisdiction in the District Court, but from strong policies counseling against the exercise of such jurisdiction where particular kinds of state proceedings have already been commenced.").

from the federal government for her volunteer services.  (Compl. ¶¶ 19-21); <u>see also</u> 42 U.S.C. § 5011(d) (authorizing stipends for low-income volunteers in the foster grandparent program).  Montgomery alleges that on August 27, 2007 she was injured when she slipped and fell while serving as a foster grandparent at an elementary school.  (Compl. ¶¶ 22-24.)  On October 31, 2008 she filed an application for adjustment of claim with the IWCC.  (<u>Id.</u> at ¶ 25.) Kids Hope has filed a motion with the IWCC-appointed arbitrator asserting, among other defenses, that the Illinois Workers Compensation Act ("IWCA") is preempted by the DVSA.  (<u>See</u> Mot. to Dismiss for Lack of Employer/Employee Relationship and Federal Preemption, attached as Ex. B to Defs.' Mem.);[2] <u>see also</u> 42 U.S.C. § 5058 ("Notwithstanding any other provision of law, no payment for supportive services or reimbursement of out-of-pocket expenses made to persons serving pursuant to [National Older American Volunteer Programs] shall be subject to any tax or charge or be treated as wages or compensation for the purposes of . . . worker's compensation [laws].").  The arbitrator has not yet ruled on Kids Hope's motion.  In its complaint in this case Kids Hope asks us to declare the IWCA preempted and to enjoin the defendants "from invoking the Worker's Compensation Act with respect to any claim

---

[2]/   We may take judicial notice of the administrative docket, and plaintiff's motion, without converting defendants' motion to dismiss into a motion for summary judgment.  <u>See</u> <u>520 South Michigan Ave. Assoc., Ltd. v. Shannon</u>, 549 F.3d 1119, 1138 n.14 (7th Cir. 2008).

- 3 -

for worker's compensation benefits brought against Kids Hope United by any person enrolled as a volunteer in the Foster Grandparents Program." (Compl. at 9.) Defendants Masters and the IWCC contend that we should abstain from exercising jurisdiction pursuant to Younger v. Harris, 401 U.S. 37 (1971).

## DISCUSSION

"The Younger abstention doctrine requires federal courts to abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." Green v. Benden, 281 F.3d 661, 666 (7th Cir. 2002). Kids Hope does not dispute that the IWCC proceedings are ongoing, that they are "judicial in nature," or that its complaint in this case seeks to terminate those proceedings. See 820 ILCS 305/19 (procedures governing dispute resolution by IWCC-appointed arbitrators, including judicial review); see also Ohio Civil Rights Comm'n v. Dayton Christian School, Inc., 477 U.S. 619, 627 (1986) (applying Younger abstention doctrine in a case involving a state administrative agency). We also conclude that the IWCC "offers an adequate opportunity for review of constitutional claims." Green, 281 F.3d at 666. Kids Hope has raised preemption as a defense in the state proceedings and it will be able to revisit the question in any subsequent

review of the arbitrator's decision.  This is sufficient for
Younger.  See Majors v. Englebrecht, 149 F.3d 709, 711 (7th Cir.
1998) ("Subsequent judicial review is a sufficient opportunity" to
raise constitutional defenses.).[3]  The question, then, is whether
we should intervene to decide the preemption question before the
state acts on Ms. Montgomery's application.

Kids Hope argues, in effect, that the state does not have a
legitimate interest in conducting a preempted proceeding.  The
Supreme Court rejected a similar argument in New Orleans Public
Service, Inc. ("NOPSI") v. Council of City of New Orleans, 491 U.S.
350, 364 (1989).  The comity interest protected by Younger is no
less at stake in a case involving a claim of preemption than in a
case involving a different federal defense. Id. at 365; see also
Midwest Gas Transmission Co. v. McCarty, 270 F.3d 536, 539 (7th
Cir. 2001) ("The state court has the same right and power to decide
a defense of preemption as it does to decide any other federal
defense.").  The NOPSI Court emphasized that the state's interest
should be defined generically and not with respect to the outcome
of the particular dispute at issue.  Id. (courts evaluate the

_____

[3]   Kids Hope argues that review by the IWCC is insufficient because it
cannot award declaratory or injunctive relief.  (Resp. at 7.)  Insofar as Kids
Hope believes that an injunction and/or declaration issued by this court will be
effective against other IWCC-petitioners, it is mistaken.  See Fed. R. Civ. P.
65(d)(2).  As it concerns Ms. Montgomery, a decision by the arbitrator in Kids
Hope's favor on the preemption question would have the same effect as a
comparable declaration in this court.  Conceivably Ms. Montgomery could file
additional requests for compensation, but that possibility strikes us as remote.
And as it relates to defendant Masters, plaintiff's requests for declaratory and
injunctive relief go to the heart of what we must decide under Younger: whether
we can, consistent with comity, interfere with ongoing state proceedings.

- 5 -

state's interest in the "generic proceedings," not its interest in

the "outcome of the particular case") (emphasis removed).  So, when

Kids Hope contends that the state has no legitimate interest in

awarding compensation to DVSA volunteers, it defines the state's

interest too narrowly. Instead, we should ask whether Illinois has

a  substantial  interest  in  workers-compensation  proceedings.

Framing the question in that way, we believe that it does.  <u>See,</u>

<u>e.g.</u>, <u>Irizarry v. Ill. Cent. R. Co.</u>, 879 N.E.2d 1007, 1016 (1st

Dist. 2007)("The  underlying  purpose  of  the  Illinois  Workers'

Compensation Act is to provide financial protection to employees

whose earning power has been temporarily diminished or terminated

as  a  result  of  injuries  arising  out  of  and  in  the  course  of

employment.").[4]

The question of the state's interest in an arguably preempted

proceeding is related here, as it was in <u>NOPSI</u>, with one of the

exceptions to <u>Younger</u> abstention: we should not abstain if "the

challenged  provision  is  flagrantly  and  patently  violative  of

express  constitutional  prohibitions."    <u>Jacobson v. Village of</u>

<u>Northbrook Mun. Corp.</u>, 824 F.2d 567, 570 (7th Cir. 1987) (citations

and internal quotation marks omitted); <u>see also</u> <u>NOPSI</u>, 491 U.S. at

366-67.   <u>NOPSI</u>  indicates  that  a  "substantial"  question  of

preemption is insufficient to trigger this exception.  <u>NOPSI</u>, 491

---

[4]   Whether Ms. Montgomery is an "employee" is, of course, a disputed
question, but one which the state has an interest in deciding.

U.S. at 367.  But the Court left the door open to deny abstention where the preemption claim is "facially conclusive."  Id.  Post-NOPSI some courts have adopted this exception, see, e.g., Chaulk Services, Inc. v. Massachusetts Comm'n Against Discrimination, 70 F.3d 1361, 1370 (1st Cir. 1995), and it appears that our Court of Appeals is one of them (although it phrases the question somewhat differently).  See Midwest Gas, 270 F.3d at 539 (citing Chaulk, among other authorities, and observing that states do not have a valid interest in regulating activities that "clearly are under exclusive federal control").  We do not view this as a case, however, where federal law clearly undercuts *any* legitimate basis for state jurisdiction.  See id. at 538-39 (applying the Natural Gas Act, which preempts all state regulation of interstate transportation of natural gas); Chaulk, 70 F.3d at 1370 (concluding in a case involving the National Labor Relations Act that it was "readily apparent that the [state agency was] acting beyond its jurisdictional authority by entertaining Doulamis' complaint").  The DVSA does not prohibit the IWCC from "entertaining" Ms. Montgomery's claim, and that is all that it has done to date.  Beyond that we express no opinion concerning the merits of Kids Hope's preemption defense.  See Greening v. Moran, 953 F.2d 301, 304 (7th Cir. 1992) ("To say that abstention is in order then is to say that federal courts should not address the merits, period.").

Finally, we are not persuaded that the remaining Younger exceptions apply here.  See Jacobson, 824 F.2d at 569-70 (abstention is inappropriate if "(1) the state proceeding is motivated by a desire to harass or is conducted in bad faith; [and/or] (2) there is an extraordinarily pressing need for immediate equitable relief")(citations and internal quotation marks omitted).  Kids Hope's complaint does not allege bad faith, but it proposes to amend it to allege that "Montgomery knew that she was enrolled in a federal volunteer program and also knew that she was not entitled to seek and/or recover workers compensation benefits." (Pl.'s Resp. at 8.)  Besides begging the preemption question, this allegation is unsubstantiated by any "specific facts."  See Crenshaw v. Supreme Court of Indiana, 170 F.3d 725, 729 (7th Cir. 1999) ("In order to establish her entitlement to the bad faith exception to the Younger doctrine, Ms. Crenshaw must allege specific facts to support her inferences of bad faith, bias, and retaliation.").  Kids Hope also proposes to amend its complaint to allege that it will be unable to participate in the federal volunteer program if it is required to defend "numerous workers compensation lawsuits brought on behalf of individuals who enrolled as volunteers." (Proposed Am. Compl., attached as Ex. A to Resp., ¶ 40.)  There is no indication that any additional claims are likely.  Nor are we persuaded that Kids Hope will be irreparably harmed if it is required to appear before the IWCC and defend

- 8 -

itself should there be any such claims.  See Stroman Realty, Inc.
v. Grillo, 438 F.Supp.2d 929, 936 (N.D.Ill. 2006)("Merely appearing
at the administrative hearing or appealing in state court will not
cause irreparable harm or injury.").  In short, Kids Hope has not
demonstrated that "extraordinary circumstances" make abstention
inappropriate in this case.

## CONCLUSION

Defendants' motion to dismiss (9) is granted and this case is
dismissed without prejudice to further state proceedings.


DATE:     February 12, 2010


ENTER:    _____
          John F. Grady, United States District Judge